James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001
307-634-4000 (Telephone)
307-635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com

*Attorneys for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2023 APR 25  PM 2:54
MARGARET BOTKINS, CLERK
CHEYENNE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Bret McCoy, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 23CV-74-J |
| Wilson Manufacturing & Design, Inc., | ) |
|     Defendant. | ) |

## COMPLAINT

Bret McCoy, by and through undersigned counsel, brings this Complaint against Wilson Manufacturing & Design, Inc. In support, Plaintiff alleges:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Bret McCoy is, and was at all relevant times, a citizen of Wyoming.

2. Defendant Wilson Manufacturing & Design, Inc. is incorporated in Kentucky with its principal place of business in Kentucky.

3. At all relevant times, Defendant Wilson Manufacturing & Design manufactured and designed industrial equipment, including portable aggregate conveyors, for sale and use throughout the United States and was thus doing business in the State of Wyoming.

4. This Court has diversity jurisdiction over the claims pursuant to 28 U.S.C. §1332 as this is an action between citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5. Venue is proper in this District under 28 U.S.C. §1391(a)(2) as a substantial part of the matters, events, and omissions giving rise to the claims occurred in the District of Wyoming.

6. In compliance with Wyo. Stat. Ann. § 27-14-105(b), copies of this Complaint have been served, by certified mail, return receipt requested, on the Attorney General of the State of Wyoming and the Director of the Workers Compensation Division, Department of Employment.

**FACTS**

7. On December 18, 2022, Bret McCoy, a twenty-three-year-old man, was working at Granite Peak Transloading, south of Cheyenne, Wyoming.

8. Bret McCoy's job required him to use a Wilson portable aggregate conveyor to unload aggregate from railroad hopper cars into truck hoppers.

9. While attempting to open the railroad hopper car, Bret McCoy came into contact with the belt of the Wilson portable aggregate conveyor.

10. He was pulled into the machine and taken by the belt from the bottom, where the aggregate enters, all the way to the top, where the aggregate exits.

11. He was trapped in the top, unable to go down because the belt was still running and he was unable to exit because he could not fit through the funnel.

12. He was eventually rescued by the Laramie County Fire Department. The subject Wilson portable aggregate conveyor is shown below on December 18, 2022, shortly after the incident. Bret McCoy was extricated from the top of the white Wilson machine above the red truck hoppers:



*(Photograph of the Wilson portable aggregate conveyor taken by the Laramie County Fire District 1 on December 18, 2022.)*

13. Bret McCoy was first taken to Cheyenne Regional Medical Center and then was transferred to the Medical Center of the Rockies for medical care; he continues to need medical care and treatment.

14. Bret McCoy's injuries include, but are not limited to, the following: (1) thoracic spine fractures at T11 and T12; (2) multiple closed fractures of the thoracic spine starting at T4-T7; (3) open fractures of the left distal tibia; (4) multiple rib fractures; (5) cervical spine fracture

at C7, (6) lumbar spine fractures at L1-L3; (7) closed fracture of the sternum; (8) a left pneumothorax, (9) left hip fracture; and numerous other injuries.

15. Before December 18, 2022, Wilson Manufacturing & Design planned, designed, manufactured, distributed, and sold the subject portable aggregate conveyor—thus placing it into the stream of commerce.

16. At all relevant times, Wilson Manufacturing & Design planned, designed, manufactured, and/or sold portable aggregate conveyors.

17. Wilson Manufacturing & Design's plan and design included a belt (not shown in the photograph above, see illustration below) that fits under railroad hopper cars containing aggregate. The aggregate must be dropped from the belly of the train car and is conveyed by the belt; it moves up the incline and then dumps into a truck hopper.



*(Illustration attached for demonstrative purposes only.)*

4

18. Wilson Manufacturing & Design's portable aggregate conveyor lacked proper and appropriate safety devices to prevent users from being pulled into the mechanism, trapped and injured if they came into contact with the belt.

19. In the alternative, Wilson Manufacturing & Design's portable aggregate conveyor lacked non-removable safety devices that would prevent users from being pulled into the mechanism and injured if they came into contact with the belt.

20. In the alternative, Wilson Manufacturing & Design's portable aggregate conveyor was defectively designed such that mechanisms would open the area of entry so wide that a human being could—and in this case, did—pass into the machinery if the belt carried him to the area of entry.

21. It was reasonably foreseeable, and known, to Wilson Manufacturing & Design that a user of its portable aggregate conveyor could be injured by getting caught in its machine that lacked proper safety devices and was defectively designed.

22. It was feasible and necessary for Wilson Manufacturing & Design to include proper safety devices at the time of manufacture of the subject portable aggregate conveyor, and to properly design it.

23. Wilson Manufacturing & Design had a duty to design and manufacture its portable aggregate conveyor with safety devices built into the product rather than be an add on attraction.

**FIRST CLAIM FOR RELIEF – NEGLIGENCE**

24. Plaintiff incorporates the foregoing and following paragraphs here.

25. Wilson Manufacturing & Design owes a duty of care to those who use its products, including the subject portable aggregate conveyor.

26. Wilson Manufacturing & Design was required to exercise reasonable care in the planning, designing, and manufacturing of its portable aggregate conveyor in order to ensure that it was reasonably safe for its intended use and for reasonably foreseeable uses regardless of whether the use was intended by Wilson.

27. Wilson Manufacturing & Design breached its duty by not exercising reasonable care in the planning, designing, and manufacturing of its portable aggregate conveyor.

28. Wilson Manufacturing & Design breached its duty to exercise reasonable care by planning, designing, and manufacturing its product without safety devices that would have prevented Bret McCoy from being pulled into the mechanism, trapped and injured.

29. Wilson Manufacturing & Design failed to include safety devices that a reasonably careful manufacturer would have.

30. In the alternative, if safety devices were removed from the subject portable aggregate conveyor, Wilson Manufacturing & Design breached its duty to exercise reasonable care by planning, designing, and manufacturing its product in such a manner that the safety devices could be removed.

31. In the alternative, Wilson Manufacturing & Design failed to include non-removable safety devices that a reasonably careful manufacturer would have.

32. Wilson Manufacturing & Design's negligence proximately caused Bret McCoy's injuries.

**SECOND CLAIM FOR RELIEF – PRODUCTS LIABILITY, DEFECTIVE CONDITION**

33. Plaintiff incorporates the foregoing and following paragraphs here.

34. Wilson Manufacturing & Design is engaged in the business of selling the portable aggregate conveyor that caused harm to Bret McCoy.

35. Wilson Manufacturing & Design's portable aggregate conveyor was defective when sold because it lacked safety devices that would have prevented physical harm to users.

36. In the alternative, Wilson Manufacturing & Design's portable aggregate conveyor was defective when sold because the safety devices, which would have prevented physical harm to users, could be removed.

37. Wilson Manufacturing & Design's portable aggregate conveyor was unreasonably dangerous to the user, Bret McCoy.

38. Wilson Manufacturing & Design's portable aggregate conveyor was intended to and did reach Bret McCoy without substantial change in the condition in which it was sold.

39. Wilson Manufacturing & Design's portable aggregate conveyor caused physical harm to Bret McCoy.

### THIRD CLAIM FOR RELIEF – STRICT LIABILITY IN TORT

40. Plaintiff incorporates the foregoing and following paragraphs here.

41. Wilson Manufacturing & Design sold the subject portable aggregate conveyor in a defective condition that was unreasonably dangerous to the user, Bret McCoy.

42. Wilson Manufacturing & Design is engaged in the business of selling portable aggregate conveyors.

43. Bret McCoy was using Wilson Manufacturing & Design's portable aggregate conveyor when he suffered physical harm.

44. Wilson Manufacturing & Design's portable aggregate conveyor caused Bret McCoy's injuries.

45. Wilson Manufacturing & Design is strictly liable for the physical harm caused thereby to Bret McCoy.

46. Wilson Manufacturing & Design is strictly liable even though Bret McCoy did not buy the product from or enter into any contractual relationship with Wilson Manufacturing & Design.

## DAMAGES

47. Plaintiff incorporates all foregoing and following paragraphs here.

48. As a direct result of the conduct, acts and omissions of Wilson Manufacturing & Design, Bret McCoy was permanently injured, disabled, and disfigured.  He sustained loss of enjoyment of life, past and future, loss of earnings, loss of future earning capacity, past pain and suffering, and will in the future endure pain and suffering.  His damages include the reasonable value of attendant care, past and future, and he incurred substantial medical expenses in the past and will in the future.  His damages were and are the proximate result of Defendant's liability and negligence, and greatly exceed the jurisdictional limit of this Court.

WHEREFORE, Plaintiff claims compensatory damages in an amount to be determined at trial, substantially in excess of Seventy-Five Thousand Dollars ($75,000.00), costs and such further relief as the Court deems just.

Dated this 25th day of April, 2023.

James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001
307-634-4000 (Telephone)
307-635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com